Ruffin, Chief Justice.
 

 It is quite certain that an executor cannot refuse the office in part and undertake it in part; but if he enter on the duties, he is compellable to go through
 
 *300
 
 with them. But this is only true in respect of all the bur-^ens imPosed on him by the same will. For, if he be the executor of one who was the executor of a prior testator, he may taife uPPn himself the administering of the will of his immediate testator, and refuse the other.
 
 Hayton and Wolfe,
 
 Cro. Jac. 614. Shep. Touch. 464. The executorship of both wills is not therefore one and the same office, but each is a distinct one: and the Court of Probate may allow the trusts in respect of the two estates to be divided, at least, when that is done in the first instance or.a't the time the executor takes probate of the will of his immediate testator. The question in this case is, whether it is competent for that Court to allow such renunciation, so as to found thereon a grant of administration
 
 cum testamento annexo, after
 
 the executor has once taken probate ot the latter will, without accompanying that with a refusal of the former.
 

 After projioiinee"at his own ■nleasure but can ieare°of°the court.
 

 We do not see why the Court of Probate should not have such a power, especially before the executor has intermeddled with the effects of the first testator. At the time he took probate of his testator’s will, he might -not have known that he had been the executor of the former testator; and the purposes of justice or convenience to those interested in the first estate, as well as the last, may be promoted by separating the administration. Certainly, we think that after the executor taken probate, he cannot, of his own mere pleasure> refase the office under the first will, as he might jjave done before probate; but he can only renounce, if at
 
 j
 
 y by the leave and in the discretion of the Court. Our etffittiry is, whether the Court has a jurisdiction to receive -such subsequent renunciation and dismiss the executor. If there be no such power in the court, the grant of administration must be void; for there is no authority to appoint an administrator where there is an executor.
 

 Since the two offices are distinct., it follows that the court, must have the power to receive the renunciation of that one of them which is incidental as it were to the other, if, under the same state of facts, the renunciation by the executor of the office under the will of his immediate testator be admissible. If may, therefore, be useful to ascertain whethér the
 
 *301
 
 present plaintiffs, after taking probate of the will of
 
 Cunning
 
 ham, could, before intermeddling with his assets, be admitted to renounce, and thereupon be dismissed.
 

 It must be admitted to have been at one time held as law, that if an executor intermeddled with the effects, or did any act indicative of the intention of taking on himself the benefits and burdens of the will, the ordinary had no power to dismiss him and grant administration with the will annexed; and that advantage might Be taken thereof in an action by the administrator, by plea, that the will appointed an executor, and that he had administered.
 
 Graysbrook
 
 vs.
 
 Fox.
 
 1 Plowd. 280.
 
 Parten
 
 and
 
 Baseden’s
 
 case, 1 Mod. Rep. 213. Nothing could be more unreasonable than such a doctrine. It imports that the grant of administration is not merely voidable, but void; and, consequently, it would not even protect a debtor in paying to such an administrator. It might be impossible for the debtor or the ordinary to ascertain that the executor had intermeddled before refusing; and therefore ■the letters of administration ought not to be impeached, although it should afterwards come to light that he had thus intermeddled. Hence in such á case it was early held, that, though upon such a discovery the administration- was revocable by the ordinary, yet it was valid until revoked. Went. .Off. Ex. 91. The principle of the rule must be, that the fact of the executor’s renunciation was within, the knowledge of the ordinary, and
 
 its legality and efficacy a matter for the ordinary's determination;
 
 and, therefore, that while .his decision stands, it must be respected and received as conclusive.
 
 In Doyle
 
 v.
 
 Blake, 2
 
 Sch. & Lef. 229, Lord Redesdale expressed his opinion, that the old cases could not be supported on principle; and said, that the purport of the modern decisions was, that an administration after the executor had acted
 
 in pais
 
 might be repealed, but was not a mere nullity, except as a protection to the executor against creditors. The executor cannot by such an administration, founded on his own renunciation, discharge himself from liability to creditors, arising out of his acts in administering; yet a debtor cannot set up the act
 
 in pais
 
 of the executor to defeat the action. If the debtor be not allowed to impeach
 
 *302
 
 the administration by pleading that matter, as a consequence must be the law, that a payment to such an administrator is a good discharge to the debtor — at all events, it will be so deemed during the existence of the administration. It is true, the grant of administration when there is a will, though unknown, or before the renunciation of the executor, is void.
 
 Abram
 
 v.
 
 Cunningham,
 
 2 Lev. 182 — 1 Ventr. 393.
 
 Graysbrook
 
 v.
 
 Fox,
 
 Plow. 276.
 

 Hard as that rule may operate on debtors or purchasers from the administration, it yet cannot be denied, because it arises out of the jurisdiction to grant administration on the estate of one dying intestate. Consequently to authorise an administration, there must be an intestacy; which is, when there is no will, or a will without an executor. But there is a jurisdiction in the ordinary to judge of the validity of testaments, and also to dismiss an executor upon his renunciation; and, therefore, what is done by the ordinary upon a question of either of those kinds, must, while that tribunal permits it to continue in force, be conclusive on all other tribunals and persons. Hence when a person obtained probate, as executor of a forged will, a debtor was protected in making payment to him, because, if sued, the debtor could not have contested the will nor the propriety of granting probate to the executor
 
 Noel
 
 v. Wells, 1 Lev.
 
 235
 
 — Allen v.
 
 Dundas,
 
 3 T. R. 125.
 

 The same principle embraces the case before us. Whatever regulations the courts of probate may adopt for their own government for receiving the renunciation of the executor and dismissing him, or for revoking an administration thereon founded, and recalling the executor, they must be exclusively for the consideration of those courts, and of such others as may have the jurisdiction of reversal or appeal, or other direct control over the decision. As it is unquestionably within the province of.the court of probate to receive an executor’s refusal and dismiss him, and found thereon a grant of administration
 
 cum testamento annexo,
 
 such a grant cannot be incidentally and collaterally impeached in another court, upon the ground that the executorought not to have been dismissed. Why should that be enquired
 
 *303
 
 into in another court? How can it be? If the executor ought not to have been dismissed, let the application be made to the court of probate to recall him. But, as the fact of the renunciation must be known to the ordinary, and he is also to judge when an executor may be dismissed, in other courts the renunciation of the executor, recited in the letters of administration, must be presumed to have been really made and received, and also to have been made in apt time and effectually: although the court of probate may, upon its own principles, have the power or be under the obligation to compel him to assume the office again.
 
 Factum valet, quod fieri non debuit,
 
 as has been said. Supposing, therefore, that this administration might and ought to be called in, yet until that be done, the present plaintiffs cannot, in the face of their renunciation of record, state themselves to be executors to the prejudice of those who have acted on the faith of that renunciation.
 

 It would seem, however, that the administration ought not to be revoked, according to the modern established course of the English Ecclesiastical Courts. An executor is now allowed to renounce at any time before he has actually administered goods of the testator.
 
 In Jackson Wellington
 
 v.
 
 Whitehead,
 
 3 Phill. 577, the executor, contrary to an old case in 1 Yent. 335, was permitted to renounce, after taking the oath of office; he not having intermeddled with the effects, and the probate not having passed the seals.— Sir John Nicholl said that he had looked through a great number of cases, and found none where the court refused to dismiss, except on the ground
 
 that the party had intermeddled with the effects.
 
 That, indeed is assuming the whole responsibility of executor, and the court ought not to embarrass creditors and others by dividing the responsibility. So, when an executor renounced, and an administrator was appointed and sworn, the executor was allowed to retract and take probate at any time before the grant passed the seals, or other letters were actually issued.
 
 McDonnell
 
 v.
 
 Prendergast,
 
 3 Hagg. 212, and in that case it is especially said, that swearing is not intermeddling. But a still stronger ease is that of
 
 Meek & Donald
 
 v.
 
 Curtis,
 
 1 Hagg.
 
 *304
 

 127.
 
 Here probate of a will was actually taken by two executors and an executrix, who was a married woman living apart from her husband; and the action of the executors be-*no emharrassed by the necessity of the husband’s joining in some transfers of stock, and the
 
 feme
 
 not having intermeddled with the deceased’s effects, and no suit having been commenced by or against the executors in respect to the estate, the court, on the application of the parties, revoked the probate before granted, and decreed a new probate to the two executors by themselves, with a power reserved to the executrix.
 

 Thus it is seen, that not only has the court of probate power to dismiss the executor and grant administration in the case of an intermeddling
 
 in pais
 
 by the executor, but it is also competent to do so where there has been nothing but the formal assumption of the office in the court of probate, without any intermeddling with the effects. It is not for us now to say, how far the purposes of justice or convenience to the parties made it discreet or proper in this case to admit the present plaintiffs to renounce or might require the court of probate to revoke what was then done; as the question before us concerns the jurisdiction or power only of the court. Upon that point our opinion is, that, upon authority and also from a due regard to the security of those who are obliged to deal with the administrator, the subject was within the jurisdiction of the County Court, and consequently, that the administration is not void.
 

 Per Curiam, Judgment below affirmed.